Allen, J.
delivered the opinion of the Court.
The Court is of opinion that as the decrees offered in evidence merely directed the commissioners thereby appointed to sell and convey the tract of 1100 acres referred to in the bill, such a general description of the land did not satisfactorily prove the authority of the commissioner, Thomas C. Burwell, to convey the particular tract of land in Greenbrier county described in his deed of the 26th October 1843, to Jacob Maddy and Joel McPherson; and it was incumbent on the parties claiming under such deed, to have shewn by the record of the suit referred to in the decrees and deed, what specific tract of land the commissioner was authorized to sell and convey.
The Court is therefore of opinion that the County court erred in permitting said deed to be read in evidence as set forth in the first bill of exceptions taken by the plaintiff in error, without the production of the record of the suit therein referred to, or so much thereof as would have shewn the particular tract of land the commissioner was empowered to sell and convey.
The Court is further of opinion, that as it appears upon the face of the deed dated the 1st of August 1799, between David Morton, of the State of Delaware, of the one part, and John Morton, of the State of Pennsylvania, of the other part, and set forth in the 2d *13 bill of exceptions filed by the plaintiff in error, that the parties to said deed resided without the jurisdiction of this State, the acknowledgment by the non-resident grantor before the mayor of the City of Philadelphia, afforded sufficient evidence that said grantor, for the time being, dwelt in said City of Philadelphia, and said deed was duly authenticated for record; and the Court is therefore of opinion the County court erred in rejecting a copy of said deed as evidence, because the same had not been properly authenticated for record,
The Court is further of opinion, that the said County court erred in excluding the deposition of Benjamin Willard, offered to be read as evidence by the plaintiff in error as set forth in his third bill of exceptions, on the ground of a misdescription of the complaint in the notice, commission and caption of the deposition. The general description of the action as contained in the act under which the proceeding was had, is i! an act to explain and amend an act reducing into one the several acts concerning forcible entries and detainersand though the form of complaint was modified to suit the particular injury complained of, the description of the action was sufficient to give notice to the parties of the controversy in which the deposition was intended to be used. Whether the evidence would have been proper if not excluded for the cause aforesaid, would have depended upon the fact that the plaintiff in error had in some way connected his possession with said Joseph Willard; for though it would not have been competent to prove a transmission of the title alleged to have been vested in David Morton the patentee to said Joseph Willard, by such parol evidence, the evidence in connexion with other evidence tending to prove that said Joseph Willard had entered into said land by himself or his agents, held possession thereof by his tenants and agents, and had the same assessed in his own name and paid the taxes thereon; and also shewing the dura *14 tion of such possession so taken and held, would have been proper to shew the intent with which said Willard entered and held possession, whether as a claimant of the land as owner or. as a mere intruder; and if as owne1’ the land, whether such possession so taken and held had not continued for a sufficient length of time to protect said Willard and those holding under him against any adverse claimant.
And the Court is further of opinion, that upon the facts certified as proved upon the trial of the complaint, the County court erred in overruling the motion of the plaintiff in error to set aside the verdict and grant him a new trial, on the ground that the verdict was contrary to evidence. The defendants in error had not shewn either a possession or a right to the possession of the tenement in the complaint mentioned. If they claimed under the alleged contract and title bond of Abraham Bragg, it does not appear he was ever in possession of the tenement in question. On the contrary it appears that at the time of such alleged sale by Abraham Bragg, the tenement in question was in the actual occupation of Daniel Bragg as tenant of Joseph Willard, and that the defendants in error, or those under whom they claim, never had possession thereof. The deed executed to the said Maddy and McPherson by the commissioner of the Court, Thomas C. Burwell, and the deed from Maddy to John Miller, one of the complainants, passed neither possession or right of possession; it not appearing that any of the parties connected therewith ever had title to the land conveyed; nor is any possession of any part of the land conveyed, shewn to have been ever actually held by any of them, except Abraham Bragg, and his possession was as tenant of said Joseph Willard, and did not extend to or embrace the tenement in controversy.
If the defendants in error claimed under their patent of the 29th day of February 1848, the patent of itself *15 vested them with no title or seisin actual or constructive, the whole title thereto having passed out of the Commonwealth by the prior grant of the same land to the said David Morton, and there is no evidence proving any actual entry of the defendants in error claiming under and by virtue of their junior grant. The plaintiff in error had entered into possession of the tenement in question prior to the date of the patent of the defendants in error, and held the same at the date thereof; their patent bearing even date with their complaint before the justice. His entry may have been unlawful as regarded Morton or Willard claiming under him, but could not have been so as to the defendants claiming under a patent bearing date after such entry, and which of itself in the absence of all proof of actual possession thereunder, conferred no title whatever, as the land had been previously granted to another.
It is therefore considered, that the judgment of the Circuit court, affirming the judgment of the County court, is erroneous; and the same is reversed, with costs to the plaintiff in error. And this Court proceeding to render such judgment as the Circuit court should have done, it is further considered, that the judgment of the County court is erroneous; and the same is reversed, with costs to the plaintiff in error; and the verdict is set aside, and the cause is remanded to the County court for a new trial, upon which the County court will be instructed to govern itself by the principles above declared and adjudged.